# KIRKLAND & ELLIS LLP

Matthew Bush
To Call Writer Directly:
+1 646 444 9333
matthew.bush@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

October 21, 2025

**Via ECF**

The Honorable Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007

      Re:    *Pecos River Talc LLC v. Northwell Health, Inc.*, No. 1:25-mc-00456

Dear Judge Torres:

      I write on behalf of Plaintiff Pecos River Talc LLC ("Pecos River") in the above-captioned case.

      On October 17, 2025, Pecos River filed a motion to compel in this Court, seeking to enforce a subpoena against Defendant Northwell Health, Inc. ("Northwell") issued in *Pecos River Talc LLC v. Emory, et al.*, No. 4:24-cv-0075 (E.D. Va) (the "Underlying Litigation").

      As background, Pecos River previously issued a subpoena to Dr. Jacqueline Moline—an employee of Northwell—seeking documents and a deposition. Judge Engelmayer already ruled that "Pecos River has shown that the subpoena seeks relevant information from Dr. Moline" and ordered a deposition of her. *Moline v. Pecos River Talc LLC*, 2025 WL 2898086, at *4 (S.D.N.Y. Oct. 10, 2025).

      But Dr. Moline claimed she has no responsive documents. Pecos River believes Dr. Moline is attempting to argue that her employer, Northwell, is the only one with possession, custody, or control over her own emails and documents. So, Pecos River issued a similar subpoena to Northwell, which Northwell has refused to comply with—prompting Pecos River to file this motion to compel.

      Counsel for Northwell contended over email that Pecos River's motion is "invalid" because Pecos River did not file a request for an informal conference under Local Rule 37.2. Ex. 1. Pecos

**KIRKLAND & ELLIS LLP**

Judge Analisa Torres
October 21, 2025
Page 2

River does not believe such a pre-motion request was necessary (or was even possible) under these circumstances.

Pecos River is seeking discovery out of a case pending in the Eastern District of Virginia. Pecos needed to file its motion to compel in the Southern District of New York to initiate the case here to bring the matter before this Court. There was no case to submit a letter to before filing the motion. Indeed, Local Rule 37.2 directs parties to submit a letter "[u]nless the individual practices of the judge presiding over discovery require a difference procedure." But there was no way to know the judge presiding over the discovery dispute at the time Pecos River filed its motion. In short, Pecos River does not believe Local Rule 37.2 applies in these circumstances, and is not aware of any authority that Local Rule 37.2 applies for discovery sought from an out-of-district case where the motion to compel initiates the proceedings.

Nevertheless, Northwell has raised the question of the applicability of Local Rule 37.2. Pecos River therefore submits this letter and would welcome an informal conference, particularly if it would expedite resolution of Pecos River's motion. Pecos River served its subpoena on September 9, 2025. But the Underlying Litigation is on an accelerated schedule. Summary judgment motions have already been filed, with oppositions due on November 7, 2025.

Finally, even if Pecos River's motion were subject to Local Rule 37.2, "the failure to explicitly request and hold a conference with the court does not warrant a denial or delay in deciding the merits of [our motion to compel] at this stage." *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367 (S.D.N.Y. 2010); *see also Time, Inc. v. Simpson,* 2002 WL 31844914, at *2 (S.D.N.Y. Dec. 18, 2002).

Respectfully submitted,

*/s/ Matthew Bush*

Matthew Bush

cc:   Michael Gordon, Esq.
      *Counsel for Northwell*