# EXHIBIT 1

| | |
|---|---|
| **From:** | Michael Gordon |
| **To:** | Bush, Matt |
| **Cc:** | Amanda Ryerson; Mirzai, Sam; Fournier, Kristen |
| **Subject:** | RE: Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action, Civil Action No. 4240-cv-75 (Northwell Health, Inc.) re Pecos River Talk [sic] LLC v. Dr. Theresa Swain Emory et al. |
| **Date:** | Sunday, October 19, 2025 8:05:50 AM |

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

Matt, unless I missed it, you all did not make the mandatory pre-motion request for an informal conference, rendering your motion premature.  *See* Local Rule 37.2 ("Unless the individual practices of the judge presiding over discovery require a different procedure, no motion under … Fed. R. Civ. P. 45 will be heard unless counsel for the moving party has first requested an informal conference with the court by letter-motion for a pre-motion discovery conference and that request has either been denied or the discovery dispute has not been resolved as a consequence of the conference.").  *See also Dodson v. CBS Broad. Inc*., 2005 U.S. Dist. LEXIS 29703, *2 (S.D.N.Y. Nov. 29, 2005) ("Dodson's motion [to enforce a subpoena] is procedurally defective in at least two ways: (a) He did not request a pre-motion conference, as required by Judge Wood's rules (Judge Wood's Individual Practices P2.A; see also S.D.N.Y. Local Civil Rule 37.2) … ."). Your motion is equally defective in that you did not comply with Local Rule 37.2 before filing the motion by submitting a pre-motion letter to the Court.  Moreover, although PACER indicates that no judge has yet to be assigned to this matter, I see that you have submitted a Statement of Relatedness concerning this case and another case, assigned to Judge Engelmayer, brought by Dr. Moline against your client Pecos River Talc. Assuming your request to have this case assigned to Judge Engelmayer is granted, you will be required to follow Judge Engelmayer's rules, which provide, in pertinent part, as follows:

> Follow Local Civil Rule 37.2 with the following modifications.  Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party must submit a letter to the Court via ECF, no longer than three single-spaced pages, explaining the nature of the dispute, the legal standards governing the issue, and case law, if any, supporting the party's position.  Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful.  If the opposing party wishes to respond to the letter, it must do so within three business days and should call Chambers promptly to advise that a

responsive letter will be forthcoming. Reply letters are not invited. Either party may, in their letter, request an informal conference. If the Court schedules such a conference, counsel should be prepared to discuss the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, including by telephone conference call.

Judge Engelmayer's Individual Rules and Practices In Civil Cases, Rule 2.C. *See also id*., Rule 3.A. Thus, in addition to violating Local Rule 37.2, your motion violates Judge Engelmayer's rules.

Before you go to the trouble and expense of serving Northwell with your premature and therefore invalid motion, I suggest you follow the Rules and submit your pre-motion letter.

The foregoing is without prejudice to Northwell's objections to the subject subpoena, all of which are fully preserved, and nothing herein should be construed as my being authorized to accept service of the subpoena. As I advised last week, Northwell requires that it be served directly. I do not have authority to accept service of the subpoena.


Michael R. Gordon
GordonLaw LLP
51 Bedford Road, Suite 2
Katonah, New York  10536
O   914.232.9500
M   914.671.6873
mgordon@gordonlawllp.com
www.gordonlawllp.com


**From:** Bush, Matt <matthew.bush@kirkland.com>
**Sent:** Friday, October 17, 2025 3:59 PM
**To:** Michael Gordon <mgordon@gordonlawllp.com>; Fournier, Kristen <kristen.fournier@kirkland.com>
**Cc:** Amanda Ryerson <aryerson@gordonlawllp.com>; Mirzai, Sam <sam.mirzai@kirkland.com>
**Subject:** RE: Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action, Civil Action No. 4240-cv-75 (Northwell Health, Inc.) re Pecos River Talk LLC v. Dr. Theresa Swain Emory et al.

Mike,

Will you agree to accept service on behalf of Northwell of our motion to compel and associated documents (all attached). These were filed today.

Thanks,
Matt

**Matthew Bush**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9333  **M** +1 917 782 1169
**F** +1 212 446 4900

matthew.bush@kirkland.com

---

**From:** Bush, Matt
**Sent:** Thursday, October 16, 2025 11:02 PM
**To:** 'Michael Gordon' <mgordon@gordonlawllp.com>; Fournier, Kristen <kristen.fournier@kirkland.com>
**Cc:** Amanda Ryerson <aryerson@gordonlawllp.com>; Mirzai, Sam <sam.mirzai@kirkland.com>
**Subject:** RE: Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action, Civil Action No. 4240-cv-75 (Northwell Health, Inc.) re Pecos River Talk LLC v. Dr. Theresa Swain Emory et al.

We will be filing our motion tomorrow.

**Matthew Bush**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9333  **M** +1 917 782 1169
**F** +1 212 446 4900

matthew.bush@kirkland.com

---

**From:** Michael Gordon <mgordon@gordonlawllp.com>
**Sent:** Wednesday, October 15, 2025 8:59 PM
**To:** Bush, Matt <matthew.bush@kirkland.com>; Fournier, Kristen <kristen.fournier@kirkland.com>
**Cc:** Amanda Ryerson <aryerson@gordonlawllp.com>; Mirzai, Sam <sam.mirzai@kirkland.com>
**Subject:** RE: Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action, Civil Action No. 4240-cv-75 (Northwell Health, Inc.) re Pecos River Talk LLC v. Dr. Theresa Swain Emory et al.

Matt, as I mentioned when we spoke last Friday, I was out of the office yesterday and today. I did get a chance to speak with my client late in the day on Monday, just before

my holiday began. They advise that they are maintaining the position outlined in their objection to the subpoena. As you know, I have only recently become involved in this matter and am still getting up to speed. From your description of the summary judgment motion schedule, with the opposition to your motion not due until 11/7 and your reply not due until 11/21, I'm not sure I see the need to race out a motion to compel with respect to the subpoena. Of course, if you do file such a motion, Northwell will oppose it. Mike Gordon

Michael R. Gordon
GordonLaw LLP
51 Bedford Road, Suite 2
Katonah, New York  10536
O   914.232.9500
M   914.671.6873
mgordon@gordonlawllp.com
www.gordonlawllp.com

---

**From:** Bush, Matt <matthew.bush@kirkland.com>
**Sent:** Tuesday, October 14, 2025 3:14 PM
**To:** Michael Gordon <mgordon@gordonlawllp.com>; Fournier, Kristen <kristen.fournier@kirkland.com>
**Cc:** Amanda Ryerson <aryerson@gordonlawllp.com>; Mirzai, Sam <sam.mirzai@kirkland.com>
**Subject:** Re: Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action, Civil Action No. 4240-cv-75 (Northwell Health, Inc.) re Pecos River Talk LLC v. Dr. Theresa Swain Emory et al.

Following up here. Does Northwell intend to produce documents? Given the schedule, we can't wait until Monday next week to start the motion to compel process.

---

**From:** Bush, Matt <matthew.bush@kirkland.com>
**Sent:** Monday, October 13, 2025 6:41 PM
**To:** Michael Gordon <mgordon@gordonlawllp.com>; Fournier, Kristen <kristen.fournier@kirkland.com>
**Cc:** Amanda Ryerson <aryerson@gordonlawllp.com>; Mirzai, Sam <sam.mirzai@kirkland.com>
**Subject:** Re: Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action, Civil Action No. 4240-cv-75 (Northwell Health, Inc.) re Pecos River Talk LLC v. Dr. Theresa Swain Emory et al.

Mike,

I can't quite remember which days this week you were unavailable. Does Northwell intend to produce documents pursuant to the subpoena?

Matt

**From:** Bush, Matt <matthew.bush@kirkland.com>
**Sent:** Friday, October 10, 2025 10:34:39 AM
**To:** Michael Gordon <mgordon@gordonlawllp.com>; Fournier, Kristen <kristen.fournier@kirkland.com>
**Cc:** Amanda Ryerson <aryerson@gordonlawllp.com>; Mirzai, Sam <sam.mirzai@kirkland.com>
**Subject:** RE: Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action, Civil Action No. 4240-cv-75 (Northwell Health, Inc.) re Pecos River Talk LLC v. Dr. Theresa Swain Emory et al.

Mike- The Court in SDNY just a few minutes ago rejected Dr. Moline's motion to quash our subpoena out of the *Emory* case. I think this will be relevant to our discussion today so sending along.

**Matthew Bush**

---

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9333  **M** +1 917 782 1169
**F** +1 212 446 4900

---

matthew.bush@kirkland.com

**From:** Bush, Matt <matthew.bush@kirkland.com>
**Sent:** Thursday, October 9, 2025 8:53 PM
**To:** Michael Gordon <mgordon@gordonlawllp.com>; Fournier, Kristen <kristen.fournier@kirkland.com>
**Cc:** Amanda Ryerson <aryerson@gordonlawllp.com>; Mirzai, Sam <sam.mirzai@kirkland.com>
**Subject:** Re: Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action, Civil Action No. 4240-cv-75 (Northwell Health, Inc.) re Pecos River Talk LLC v. Dr. Theresa Swain Emory et al.

Mike- Are you available at 11am tomorrow?

**From:** Michael Gordon <mgordon@gordonlawllp.com>
**Sent:** Thursday, October 9, 2025 8:47:46 PM
**To:** Matt <matthew.bush@kirkland.com>; Fournier, Kristen <kristen.fournier@kirkland.com>
**Cc:** Amanda Ryerson <aryerson@gordonlawllp.com>
**Subject:** Subpoena to Produce Documents, Information or Objects or to Permit Inspection of

Premises in a Civil Action, Civil Action No. 4240-cv-75 (Northwell Health, Inc.) re Pecos River Talk LLC v. Dr. Theresa Swain Emory et al.

Counsel, Northwell has approached me to represent it in connection with the referenced subpoena.  Northwell did try to reach me earlier this week, but I was out of the office for religious observance yesterday and the day before, and I will be out of the office again next Tuesday and Wednesday for the same reason.  I would appreciate your courtesy in providing a reasonable extension of Northwell's time to respond to the subpoena, as I will need time to read the subpoena, discuss it with Northwell, and get my arms around the facts.  Please let me know if you have any availability tomorrow morning to discuss this matter.  Mike Gordon

Michael R. Gordon
GordonLaw LLP
51 Bedford Road, Suite 2
Katonah, New York  10536

Office 914.232.9500, Ext. 105
Mobile 914.671.6873
mgordon@gordonlawllp.com
www.gordonlawllp.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.